

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM LIND | CIVIL ACTION |
| VERSUS | NO: 05-587 |
| ST. BERNARD PARISH SHERIFF'S OFFICE, *ET AL.* | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS ORDERED** that plaintiff William Lind's Motion for Reconsideration (Document 19) is hereby **DENIED**.

A.  Background.

Lind alleges that in 2002 he was tried for a traffic citation in St. Bernard Parish and paid a fine. In 2003 Lind was arrested by the New Orleans Police Department (NOPD) on a warrant that was erroneously issued by the St. Bernard Parish Sheriff's Office for this traffic violation. He was transferred to the custody of the St. Bernard Parish Sheriff's Office, and "the matter was supposedly resolved" after a court appearance.[1] Lind alleges that on April 10, 2004, he was again

---

[1] Complaint at ¶ 15.

1

arrested and detained by the NOPD on the same warrant, even though the NOPD "had full knowledge that Complainant had previously been arrested on this warrant."[2] Plaintiff alleged that the NOPD's actions in arresting him on April 10, 2004 deprived him of his constitutional rights, and violated Louisiana state law.

The City of New Orleans moved to dismiss the claim against it for the actions of the NOPD. The court found that to recover, Lind had to prove that the NOPD's arrest "was made without any legal process or warrant or under a warrant null and void on its face." *Duboue v. City of New Orleans*, 909 F.2d 129, 132 (5th Cir. 1990), *cert. denied*, 499 U.S. 922, 111 S.Ct. 1314, 113 L.Ed.2d 247 (1990). Because plaintiff had not alleged that the St. Bernard Parish warrant was null and void on its face, the court dismissed plaintiff's claims against the City of New Orleans. Plaintiff has now moved to reconsider the court's ruling based on a computer printout from the NOPD's MOTIONS system that depicts the notation "has been executed" beneath the listing for his traffic attachment. Plaintiff argues that this notation was placed on the system prior to his April 10, 2004 arrest.

**B.      Analysis.**

A motion to reconsider filed more than ten days after entry of an order is considered a "Rule 60(b) motion for relief from judgment or order." *Shepherd v. International Paper Co.*, 372 F.3d 326, 327 n. 1 (5th Cir. 2004). Under Rule 60(b)(2), the court may grant relief from an order on the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)," and under Rule 60(b)(6) the court may grant such a motion for "any other reason justifying relief."

---

[2]     *Id.* at ¶ 17.

2

Plaintiff argues that the MOTIONS system printout demonstrates that the NOPD should have been aware that St. Bernard Parish's attachment had previously been executed. This printout does not provide a sufficient basis on which to reconsider the court's dismissal of the City of New Orleans under Rule 12(b)(6) because a Rule 12(b)(6) dismissal is based solely on the allegations of the complaint. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). To the extent plaintiff is seeking leave of court to amend his complaint to state a claim against the City of New Orleans based on the printout, his request is denied. In considering a motion for leave to amend, one key factor is a plaintiff's undue delay in asserting the motion. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 995 (5th Cir. 2005). The court's order dismissing the City of New Orleans was entered on June 17, 2005, and the deadline to amend pleadings expired on August 8, 2005. Plaintiff did not file his motion to reconsider until February 17, 2006, eight months after the order of dismissal. Plaintiff has not explained his undue delay, nor has he demonstrated why he could not have obtained the printout at the time of filing suit or to permit him to timely amend.

New Orleans, Louisiana this _16_ day of March, 2006.

Mary Ann Vial Lemmon
United States District Judge